## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Glenn Hall<br>　　　　Debtor | CHAPTER 13 |
| Wells Fargo Bank, National Association, as Trustee for Structured Asset Mortgage Investments II Inc., GreenPoint Mortgage Funding Trust 2006-AR3, Mortgage Pass-Through Certificates, Series 2006-AR3<br>　　　　Movant<br>vs. | NO. 20-10998 AMC<br><br>11 U.S.C. Sections 362 and 1301 |
| Glenn Hall<br>　　　　Debtor | |
| Joann Hall<br>　　　　Co-Debtor | |
| Scott F. Waterman, Esquire<br>　　　　Trustee | |

### CONSENT ORDER ON MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY

1. The above-styled Motion was scheduled for a hearing before the Court on **August 5, 2020,** upon Notice of Assignment of Hearing to each of the above-captioned parties in interest, and it appearing to the Court that the parties consent hereto:

2. **FURTHER IT IS HEREBY ORDERED** that the Order granting Relief from the Automatic stay, entered on August 5, 2020, is hereby vacated.

3. **FURTHER ORDERED** that the Motion for Relief from Stay is denied, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

4. FUTHER ORDERED that as of **October 19, 2020,** the post-petition arrearage is as follows, pursuant to the terms of the Note, as set forth in the chart below:

| Number of Missed Payments | From | To | Monthly Missed Principal and Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total of Monthly Payments Missed |
|---|---|---|---|---|---|---|
| _3_ | August 2020 | October 2020 | $853.95 | $853.87 | $1,707.82 | $5,123.46 |
| Less post-petition partial payments (suspense balance): | | | | ($0.00) | | |

**Total: $5,123.46**

5. This arrearage shall be paid as follows:

Debtor is ordered to pay the total post-petition arrearage totaling a sum of **$5,123.46** on or before **October 31, 2020.**

6. Regular payments in the amount of **$1,707.82** to be paid on or before **November 1, 2020** and any additional amount as required or allowed by the Note and Security Instrument. Payments should be sent to: Select Portfolio Servicing, Inc. Attn: Remittance Processing P.O. Box 65450 Salt Lake City, UT 84165-0450.

7. FURTHER ORDERED that should Debtor(s) default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Loan Documents, for the life of the bankruptcy then upon notice of default sent by first class mail to Debtor(s), attorney for Debtor(s) and the Trustee, and failure of Debtor(s) to cure such default within **fifteen (15)** days from the date of receipt of such notice, Movant may file a motion and affidavit of default, with service upon Debtor(s), attorney for Debtor(s) and the Trustee, and the Court may enter an Order releasing Movant from the automatic stay, without further notice or hearing.

8. FURTHER ORDERED that in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R. Bank. P. 4001(a)(3) may be waived.

9. FURTHER ORDERED that upon completion of any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtor(s), shall be paid to the Trustee by the entity receiving the funds from the foreclosure sale for the benefit of the Estate while the Debtor(s) remains in bankruptcy.

10. FURTHER ORDERED that there having been no appearance by the Co-Debtor(s), the Motion for Relief from the Co-Debtor Stay is *granted*.

BKAO001.N001

Dated this 19th day of October 19, 2020

CONSENTED TO BY:

/s/Rebecca A/ Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Movant

**Gary E. Thompson, Esquire**
**Attorney for Debtors**

*/s/ Polly A. Langdon, Esquire, for*
**Scott F. Waterman, Esquire**
**Chapter 13 Trustee**

Approved by the Court this _____ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

United States Bankruptcy Judge
Ashely M. Chan